7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mohinder Singh CHOHAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9512.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 THOMPSON
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This is a petition for review of a decision of the Board of Immigration Appeals (BIA). The BIA ordered petitioner's deportation and dismissed his appeal from an order of the immigration judge (IJ) finding him deportable and dismissing his request for asylum and withholding of deportation for lack of prosecution. We exercise jurisdiction under 8 U.S.C. 1105a and affirm.
 
 
 4
 Petitioner, a native and citizen of India, entered the United States illegally from Mexico in May 1984, and was found by the IJ in August 1989 to be deportable on that basis. A hearing was set for January 9, 1990, to consider petitioner's applications for asylum and withholding of deportation. Petitioner did not appear. His lawyer and his wife, who did appear, explained that petitioner had gone to California on December 26 to find temporary work, had recently become ill with the flu, and had not been able to drive back to Utah in time for the hearing. R. at 44, 48. The IJ continued the case until January 12, ordering that either petitioner appear or provide a doctor's affidavit or his own affidavit to explain his absence. Petitioner failed to do either. At the January12 hearing, petitioner's lawyer explained that petitioner's wife had left a phone message stating, without elaboration, that petitioner would not be present. R. at 51. The IJ, therefore, denied a second continuance, denied petitioner's applications for asylum and withholding of deportation for lack of prosecution, and granted voluntary departure.
 
 
 5
 On appeal to the BIA, petitioner presented his own affidavit and affidavits from his wife and the friend he had stayed with in California. All three explained that petitioner had gone to California on January 3 to visit his friend and take care of personal business, had fallen ill, and had then been unable to drive back to Utah in time for either January hearing. R. at 17-18, 20-21, 26. The BIA affirmed the IJ's decision for several reasons. Among them was the discrepancy between the dates and reasons given for petitioner's trip to California, which, the BIA concluded, tended to undercut petitioner's credibility. The BIA determined that the IJ did not abuse his discretion in denying a second continuance and dismissing petitioner's applications for asylum and withholding of deportation.
 
 
 6
 On appeal to this court, petitioner argues the IJ's denial of a second continuance was an abuse of discretion, and also that he presented sufficient evidence to show a well-founded fear of persecution and, therefore, should be granted asylum.
 
 
 7
 The decision to grant or deny a continuance is within the sound discretion of the IJ and will not be reversed absent an abuse of that discretion. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). We have considered petitioner's arguments on appeal and have reviewed the record carefully. We affirm on this issue for substantially the same reasons as set forth in the BIA's decision entered on February 1, 1993.
 
 
 8
 Petitioner also argues that he presented sufficient evidence to demonstrate his entitlement to asylum. There is no evidence in the record to support this argument.
 
 
 9
 The petition for review is DENIED and the decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3